UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company, | ) CASE NO. 1:18-cv-01963 |
| Plaintiff, | ) **MOTION FOR VOLUNTARY DISMISSAL OF DEFENDANT MATT KAISER** |
| vs. | |
| MATT KAISER, THE MUSTANG SHOP LLC, a Washington limited liability company, d/b/a TMS PERFORMANCE AND DYNO TUNING, ALVARO VALENCIA, and CHUCK GREENE, | |
| Defendants. | |

NOW COMES, Plaintiff, HP TUNERS, LLC, for its motion to voluntarily dismissal Defendant Matt Kaiser ("Kaiser") pursuant to settlement.

**I. Relevant Background Facts**

HP Tuners, LLC ("HP Tuners" or "Plaintiff") initiated this action on March 19, 2018. The TMS Defendants The Mustang Shop, LLC, TMS Performance and Dyno Tuning, Alvaro Valencia, and Chuck Greene (collectively, "the TMS Defendants"), filed their Answer on May 17, 2018, denying the material allegations of the First Amended Complaint. The TMS Defendants have not asserted any counterclaims or cross claims against Kaiser.

On or about May 31, 2018, Plaintiff resolved its claims against Kaiser pursuant to settlement. Plaintiff now requests that Kaiser be dismissed with prejudice from this matter. Counsel for the TMS Defendants has vaguely indicated to Plaintiff that the TMS Defendants object to the voluntary dismissal of Kaiser. However, the TMS Defendants do not have standing to oppose Plaintiff's decision to settle with, and voluntarily dismiss, Kaiser.

1

II. **Argument**

A. **The TMS Defendants Do Not Have Standing to Oppose Kaiser's Dismissal**

Where, as here, answers have been filed in the matter, and the remaining defendants will not stipulate to dismissal, a motion for voluntary dismissal is governed by Rule 41(a)(2). See Fed. R. Civ. P. 41. Seventh Circuit law is clear: "a non-settling party must demonstrate plain legal prejudice in order to have standing to challenge a partial settlement" and plaintiff's voluntary dismissal of the settling party. *Quad/Graphics, Inc. v. Fass*, 724 F. 2d 1230, 1233 (7th Cir. 1983) (upholding trial court's dismissal of defendant under Rule 41(a)(2) in face of appellant/the TMS Defendants' objections); *see also In re School Asbestos Litig.*, 921 F.2d 1330, 1333 (3d Cir. 1990); *Alumax Mill Prods., Inc. v. Congress Fin. Corp. of Am.*, 912 F.2d 996, 1002 (8th Cir. 1990); *Waller v. Financial Corp.*, 828 F.2d 579, 582-83 (9th Cir. 1987); *New Mexico ex rel. Energy and Minerals Dep't v. United States Dep't of Interior*, 820 F.2d 441, 445 (D.C. Cir. 1987); *Bass v. Phoenix Seadrill/78, Ltd.*, 749 F.2d 1154, 1165 (5th Cir. 1985).

The bar for demonstrating "plain legal prejudice" is high. Circumstances of plain legal prejudice include interfering with a party's contract rights or ability to seek contribution or indemnification or stripping a party of a legal claim or the right to present relevant evidence at trial. *Agretti v. ANR Freight System, Inc*., 982 F. 2d 242, 247 (7th Cir. 1992) (internal citations omitted). The Seventh Circuit has set forth four factors which courts should consider when ruling on a motion for voluntary dismissal:

> The defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant."

2

*Pace v. S. Express Co.*, 409 F. 2d 331, 334 (7th Cir. 1969). Here, none of the factors weigh against Kaiser's dismissal at this juncture. The parties have not yet begun discovery, let alone preparations for trial. There are no allegations of excessive delay and/or lack of diligence on Plaintiff's part; indeed, the matter has only been pending for three (3) months. The need for dismissal is clear: the parties have reached a settlement. Finally, no motions for summary judgment have yet been filed.

Furthermore, the TMS Defendants in the instant matter do not have any grounds for objecting to the settlement agreement between Plaintiff and Kaiser because Plaintiff's dismissal of its claims against Kaiser will not result in plain legal prejudice against the TMS Defendants. "Courts have repeatedly held that a settlement which does not prevent the later assertion of a non-settling party's claims, although it may force a second lawsuit against the dismissed parties, does not cause plain legal prejudice to the non-settling party." *Agretti,* 982 F. 2d at 247. Here, if the TMS Defendants wish to seek contribution or indemnification from Kaiser for any alleged damages they suffer as a result of this litigation, they are in no way precluded, as a result of his dismissal from this case, from bringing suit against Kaiser at a later date. *See also Scott v. Durham*, 2010 U.S. Dist. LEXIS 117296, at *13-14, No. 1:09-CV-348-PPS-RBC (N. Dist. Ind. Nov. 3, 2010) (principles of res judicata would not bar the co-defendants from filing subsequent claim against settling defendant seeking dismissal from case pursuant to Rule 41(a)(2) because there would be no "identity of the parties or their privies.").

Likewise, the proposition that the TMS Defendants may incur greater litigation costs as a result of litigating a second case against Kaiser also does not give the TMS Defendants standing to object to Kaiser's dismissal here, as the case law clearly holds. *Agretti,* 982 F. 2d at 242, *citing Quad/Graphics*, 724 F. 2d at 1233-23 ("Mere allegations of injury in fact or tactical disadvantage as a result of a settlement simply do not rise to the level of plain legal prejudice.").

Thus, under the factors and analyses as expressly set forth by the Seventh Circuit, Plaintiff is clearly entitled to voluntarily dismiss Kaiser at this stage of the litigation.

### III. Conclusion

WHEREFORE, Plaintiff, HP TUNERS, LLC, respectfully prays for an order dismissing Defendant Matt Kaiser from this action with prejudice, with each party to bear its own costs.

Dated this 26th day of June, 2018

Respectfully submitted,

*s/ Andrew P. Bleiman* _____
Attorneys for HP Tuners, LLC

Andrew P. Bleiman, ARDC 6255640
Marks & Klein
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
(312) 206-5162
andrew@marksklein.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2018, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all Counsel of Record.

                                                  Respectfully submitted,

                                                  *s/ Andrew P. Bleiman*
                                                  Attorneys for HP Tuners, LLC

Andrew P. Bleiman, ARDC 6255640
Marks & Klein
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
(312) 206-5162
andrew@marksklein.com