UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HP TUNERS, LLC, a Nevada limited liability company,<br><br>  Plaintiff,<br><br>  v.<br><br>MATT KAISER, THE MUSTANG SHOP, LLC, a Washington limited liability company, d/b/a TMS PERFORMANCE AND DYNO TUNING, ALVARO VALENCIA, and CHUCK GREENE,<br><br>  Defendants. | CIVIL ACTION<br><br>No. 1:18-cv-01963 |

## INITIAL JOINT STATUS REPORT

**A. Nature of the Case**

   **1.   Attorneys of record, and lead trial counsel, for each party.**

Plaintiff HP Tuners, LLC's ("Plaintiff" or "HP Tuners") attorney of record and lead trial counsel:

   Andrew Peter Bleiman
   Marks & Klein, LLP
   1363 Shermer Road, Suite 318
   Northbrook, IL 60062
   312-206-5162
   andrew@marksklein.com

Defendant Matt Kaiser's ("Kaiser") attorney of record and lead trial counsel:

   None.  Plaintiff has filed a motion to voluntarily dismiss Kaiser.

Defendants The Mustang Shop, LLC, d/b/a TMS Performance and Dyno Tuning, Alvaro Valencia and Chuck Greene's (the "TMS Defendants") attorney of record and lead trial counsel:

>James David Roberts
>Chen Roberts Ltd.
>33 North Dearborn Street, Suite 1420
>Chicago, IL 60602
>312-782-4128
>jroberts@chennelsonroberts.com

## 2. Basis for federal jurisdiction

This Court has subject matter jurisdiction for the Computer Fraud and Abuse Act ("CFAA") and Defend Trade Secrets Act ("DTSA") claims pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367. This Court also has jurisdiction over the parties and subject matter in this civil action pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs.

## 3. Nature of the claim(s) and any counterclaim(s), including the amount of damages and other relief sought.

This is an action against Kaiser and the TMS Defendants for: (i) violation of the CFAA, arising under 18 U.S.C. § 1030; (ii) violation of the DTSA, 18 U.S.C § 1836 et. seq.; (iii) misappropriation of trade secrets arising under the Washington Uniform Trade Secrets Act, RCW 19.108; (iv) violation of the Illinois Trade Secrets Act, 765 ILCS 1065/1 et. seq.; (v) unfair competition under the Washington Consumer Protection Act, RCW 19.86.020; (vi) unfair competition under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 et. seq.; and (vii) breach of contract.

Plaintiff alleges that a fundamental component of its business is the sale and distribution of credits via application keys, which are the license mechanism used by customers to tune vehicles. Only HP Tuners is authorized to generate application keys for use with HP Tuners' products. Plaintiff alleges that Kaiser and/or the TMS Defendants have misappropriated its trade secrets and proprietary information and have knowingly generated, created, used and/or obtained fraudulent application keys which were not generated by HP Tuners. Plaintiff seeks injunctive relief as well as damages in excess of $75,000.

At this time, no counterclaims or third-party claims have been asserted.

Case: 1:18-cv-01963 Document #: 32 Filed: 06/27/18 Page 3 of 6 PageID #:126

4. **Whether the defendant will answer the complaint or, alternatively, whether the defendant will otherwise plead to the complaint.**

The TMS Defendants answered the Amended Complaint on May 17, 2018. Kaiser has not answered the Amended Complaint and is in default. Plaintiff has a pending motion to dismiss Kaiser pursuant to settlement.

5. **Principal legal and factual issues.**

HP Tuners alleges that it is a niche business which provides automotive tuning and data acquisition solutions for automobile enthusiasts and professional shops. As a core function of its business, HP Tuners sells Interfaces which connect to the onboard computer of a vehicle. HP Tuners also sells "credits," which are the license mechanism used by customers to tune vehicles. HP Tuners distributes these credits via "application keys" that are compatible with the HP Tuners Interfaces.

In the Amended Complaint, Plaintiff alleges Kaiser and/or the TMS Defendants have unlawfully generated and used fraudulent application keys to obtain credits without purchasing them from HP Tuners, in violation of federal and state statutory law, and common law. In the Amended Complaint, HP Tuners alleges Kaiser and/or the TMS Defendants knowingly and wrongfully acquired, possess, and are using fraudulent application keys to generate licenses, tune vehicles, and generate revenues for their own benefit and/or the benefit of others. In the Amended Complaint, Plaintiff also alleges that the action of Kaiser and/or the TMS Defendants are in violation of a legally enforceable End User License Agreement executed by and between the parties.

Kaiser has not answered the allegations in Plaintiff's Amended Complaint. The TMS Defendants deny all allegations of wrongdoing.

6. **Which defendants have been served with process, which defendants have not been served, and the status of efforts to effect service on the unserved defendants.**

All Defendants were served with process on April 6, 2018.

B. <u>Proceedings to Date</u>

1. **Summary of all substantive rulings (including discovery rulings) to date.**

No substantive rulings have been made to date.

2. **Description of all pending motions, including date of filing and briefing schedule.**

On June 26, 2018, Plaintiff filed a Motion to Voluntarily Dismiss Defendant Matt Kaiser. That motion is currently pending, and scheduled for presentment on July 5, 2018.

C. **Discovery and Case Plan**

1. **Summary of discovery, formal and informal, that has already occurred.**

This case is participating in the Mandatory Initial Discovery Pilot ("MIDP") program. In accordance with the MIDP requirements, Plaintiff HP Tuners and the TMS Defendants exchanged Mandatory Initial Disclosures on June 18, 2018. Defendant Kaiser has not provided any disclosures.

2. **Whether discovery will encompass electronically stored information, and the parties' plan to ensure that such discovery proceeds appropriately.**

The parties expect discovery to include electronically stored information ("ESI"), and have agreed to provide responsive ESI in the format it is maintained in the course of business or in a reasonably usable format.

3. **Proposed scheduling order.**

   a. *Deadline for Rule 26(a)(1) disclosures, or why Rule 26(a)(1) disclosures are not appropriate.*

   Mandatory Initial Disclosures have been exchanged in lieu of Rule 26(a)(1) disclosures in accordance with the procedures set forth under the MIDP. Defendant Kaiser has not provided any disclosures.

   b. *Deadline for issuing written discovery requests.*

   July 19, 2018

   c. *Deadline for completing fact discovery.*

   November 19, 2018

   d. Whether discovery should proceed in phases.

   The parties do not consider it necessary to proceed with discovery in separate phases.

   e. Whether expert discovery is contemplated and, if so, deadlines for Rule 26(a)(2) disclosures and expert depositions.

   At this time, the parties do not expect to rely on expert discovery.

   f. Deadline for amending the pleadings and bringing in other parties.

      August 31, 2018

  g. Deadline for filing dispositive motions.

      January 19, 2019

**4. Whether there has been a jury demand.**

Plaintiff has not made a jury demand in this case.

**5. Estimated length of trial**

The parties expect the trial to last three (3) days.

**D. Settlement**

**1. Describe settlement discussions to date and whether those discussions remain ongoing.**

Plaintiff has agreed to resolve its claims with Defendant Kaiser.

Plaintiff and the TMS Defendants have had preliminary settlement discussions.

**2. Whether the parties request a settlement conference.**

The parties do not request a settlement conference at this time.

E. **Magistrate Judge**

1. **Whether the parties consent to proceed before a magistrate judge for all purposes.**

    Yes, the parties consent to proceed before a magistrate judge for all purposes.

2. **Any particular matters that already have been referred to the magistrate judge, and the status of those proceedings.**

    To date, no matters related to this action have been referred to the magistrate judge assigned to this case, the Honorable Jeffrey Cole.

Dated: June 27, 2018

*s/ Andrew P. Bleiman*
Andrew P. Bleiman
(admitted *pro hac vice*)
MARKS & KLEIN, LLP
1363 Shermer Road, Suite 318
Northbrook, Illinois 60062
Tel: (312) 206-5162
E-mail: andrew@marksklein.com
*Attorney for HP Tuners, LLC*


s/ James D. Roberts
James David Roberts
Chen Roberts, Ltd.
33 North Dearborn Street, Suite 1420
Chicago, IL 60602
312-782-4128
jroberts@chennelsonroberts.com
*Attorney for The Mustang Shop, Alvaro Valencia and Chuck Greene*